UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGITTE PRINCE,
    Plaintiff,

v.

JEFFERSON JELLY, et al.,
    Defendants.

No. 3:17-cv-01284 (SRU)

## RULING AND ORDER

Bridgitte Prince sued her former attorney, Jefferson D. Jelly, and his paralegal, Ruth Martin, for violation of her First and Fourteenth Amendment rights under 42 U.S.C. § 1983. On November 20, 2017, I issued an order granting the defendants' motion to dismiss on the basis that Jelly and Martin were not "state actors" amenable to suit under section 1983. *See* Order, Doc. No. 13. Prince has filed a motion seeking relief from judgment pursuant to Rule 60(b), arguing that the defendants may be sued under section 1983 because they "commit[ed] MEDICARE FRAUD" and "act[ed] under the color of state law by acting as [ ] agent[s] for the Connecticut Department of Administrative Services." *See* Mot. Relief J., Doc. No. 14, at 1. For the following reasons, I deny Prince's motion.

**I.    Background**

Bridgitte Prince retained the Law Office of Jefferson D. Jelly, a personal injury firm located in West Hartford, Connecticut, in February or March of 2016[1] to represent her in connection with injuries sustained in a car accident. *See* Compl., Doc. No. 1, at 3. Prince was represented by Attorney Jefferson D. Jelly and Paralegal Ruth Martin. Prince alleges that Jelly

---

[1] The parties disagree about whether the retainer agreement was signed in February or March of 2016, but the difference is immaterial.

and Martin took no action for months and ignored her requests that the firm withdraw from its representation. *Id.* After Prince contacted the Connecticut Statewide Grievance Committee, Jelly and Martin "reluctantly withdrew," but then "committed a series of violations" in a "blatant act of retaliation" against Prince. *Id.* Specifically, Prince claims that Jelly and Martin "continued to contact USAA Insurance . . . as if they represent[ed] a client, . . . submitted several liens on [her] settlement," and "filed for a $2,000.00 medical payment . . . without justification." *Id.* at 3–4.

On August 1, 2017, Prince filed a complaint in this court under 42 U.S.C. § 1983. *See id.* at 2. Prince asserts that Jelly's and Martin's actions violated rights protected by the First and Fourteenth Amendments to the United States Constitution. *Id.* at 3–4. She claims $250,000.00 in "compensatory and punitive damages." *Id.* at 5.

On August 18, 2017, Jelly and Martin moved to dismiss. Mot. Dismiss, Doc. No. 8. They principally contended that they were not "state actors" and did not "act under color of state law in providing private legal services" to Prince. *Id.* Asserting that their "private conduct [was] not subject to First Amendment and Fourteenth Amendment challenges under 42 U.S.C. § 1983," the defendants argued that Prince's complaint must be dismissed. *Id.*

On November 20, 2017, I granted the defendants' motion. I relied on a slew of cases holding that "attorneys performing a lawyer's traditional functions as counsel . . . do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." Order, Doc. No. 13, at 4 (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997)). Prince did not allege any actions by Jelly and Martin that fell outside "a lawyer's traditional functions as counsel." *Id.* at 6 (quoting *Rodriguez*, 116 F.3d at 66). "Because [Jelly and Martin were] not [ ] state actor[s], and [Prince] ha[d] not alleged sufficient facts to support the conclusion that [they]

2

acted under color of state law," I held that Prince's "[section] 1983 claims . . . must be dismissed." *Id.* at 7 (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)).

On December 19, 2017, Prince moved for relief from the judgment. Doc. No. 14. The same day, she filed a notice of appeal to the Second Circuit. Doc. No. 15. Jelly and Martin objected to Prince's motion for relief from judgment on January 3, 2018. *See* Doc. No. 18.

**II.     Discussion**

Rule 60(b) permits a party to seek relief from a final judgment or order under a "limited set" of "exceptional circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("*Teamsters*"). "Properly applied," the rule "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "A motion for relief from judgment is generally not favored," *Teamsters*, 247 F.3d at 391, and "courts require that the evidence in support of the motion . . . be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks and citations omitted). "The burden of proof is on the party seeking relief from judgment." *Teamsters*, 247 F.3d at 391.

Prince argues that my decision was not "in accordance [with] the . . . evidence and case law." Mot. for Relief, Doc. No. 14, at 4. I interpret that as an effort to seek relief from judgment on the basis of a "mistake" of law, Fed. R. Civ. P. 60(b)(1), or "new evidence," Fed. R. Civ. P. 60(b)(2). I will address each ground in turn.

A. <u>Mistake of law</u>

Rule 60(b)(1)—which authorizes relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect"—" is 'available for a district court to correct legal

3

errors by the court.'" *United Airlines v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003)); *see Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839 (11th Cir. 1982) (per curiam) ('The "mistakes" of judges may be remedied under this provision.'). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when 'the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Howard v. MTA Metro-North Commuter R.R.*, 866 F. Supp. 2d 196, 210 (S.D.N.Y. 2011) (quoting *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996)). "Ordinarily, a movant alleging a 'mistake' under Rule 60(b)(1) 'must show that the district court committed a specific error.'" *Id.* (quoting *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989)). In addition, "Rule 60(b)(1) is not to be invoked to provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Id.* (quoting *Lee v. Cully*, 2011 WL 5040693, at *2 (W.D.N.Y. Oct. 24, 2011)).

In her motion, Prince reasserts that the defendants misused their positions as her legal representatives to contact state agencies and fraudulently withhold a large portion of her personal injury settlement. *See* Mot. for Relief, Doc. No. 14, at 2–3. I previously "[l]iberally construed" Prince's allegations "to raise section 1983 conspiracy claims." Order, Doc. No. 13, at 7. Under a section 1983 conspiracy theory, private actors may be considered to have "act[ed] under color of state law" when they "willful[ly] participa[te] in joint activity with the State or its agents." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). I held that Prince failed to "state[] a plausible section 1983 conspiracy claim" because she did not allege that the defendants "'conspired with' state actors by exhibiting 'some common goal to violate [Prince]'s rights.'" Order, Doc. No. 13, at 7 (quoting *Betts*, 751 F.3d at 84; *Ciambriello*, 292 F.3d at 324).

Prince does not offer any grounds to conclude that my earlier decision was clearly erroneous. To the contrary, she now suggests that the defendants "defraud[ed] the state," Mot. for Relief, Doc. No. 14, at 2, which would seem to negate any claim that they "willful[ly] participa[te] in joint activity with the State or its agents." *Betts*, 751 F.3d at 84. As I previously held, "[a]bsent from [Prince]'s complaint" is "any agreement between private and public actors to violate [Prince]'s constitutional rights." Order, Doc. No. 13, at 7 (quoting *Betts*, 751 at 85; *Ciambriello*, 292 F.3d at 324). Simply defrauding the state or abusing their status as Prince's legal representatives does not mean that the defendants "act[ed] under color of state law." *Cf. Betts*, 751 at 84. Because Prince merely seeks "an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed," *Howard*, 866 F. Supp. 2d at 210, I adhere to my earlier order and deny Prince's motion for relief from judgment.

B. <u>New evidence</u>

Rule 60(b)(2) permits relief from a judgment or order when a party comes forward with "newly discovered evidence" that, "by due diligence[,] could not have been discovered" earlier. To meet Rule 60(b)(2)'s "onerous standard," the moving party must demonstrate that (1) "the newly discovered evidence was of facts that existed at the time of . . . [the] dispositive proceeding"; (2) the movant was "justifiably ignorant" of those facts "despite due diligence"; (3) the evidence is "admissible and of such importance that it probably would have changed the outcome"; and (4) the evidence is "not . . . merely cumulative or impeaching." *Teamsters*, 247 F.3d at 392. In other words, to ensure that a Rule 60(b) motion is not simply "employed as a vehicle . . . for introducing new evidence that could have been adduced during the pendency of the underlying motion," *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007) (internal quotation marks omitted), the movant must submit "evidence that was truly newly discovered or

5

could not have been found by due diligence." *Lima LS PLC v. Nassau Reins. Grp. Holdings*, 160 F. Supp. 3d 574, 578 (S.D.N.Y. 2015) (quoting *Space Hunters v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (summary order)).

In her motion, Prince contends that I "clearly, and unjustly discarded" two "pieces of crucial prima facie evidence." *See* Mot. for Relief, Doc. No. 14, at 1. The first consists of "evidence presented by [Prince] from MEDICARE" in support of her contention that the defendants "presented [a bill] as a fraud to Medicare for payment." *See id.* at 2. Prince already submitted that evidence in her initial complaint. *See* Compl., Doc. No. 1. Hence, it does not constitute "new evidence" that may be considered in support of a Rule 60(b) motion.

Second, Prince attaches two exhibits that she argues shows that "the defendants were acting under the color of state law." Mot. for Relief, Doc. No. 14, at 2. Prince does not state that either of those exhibits was "unavailable . . . when the [c]ourt made its previous ruling" or "could not have been found by due diligence." *Oak Forest Prods. v. Hiscock & Barclay, LLP*, 114 F. Supp. 3d 76, 78 (W.D.N.Y. 2015). Although Prince seems to have actually requested some of the documents after my November 20, 2017 ruling, she does not suggest that she could not have obtained them earlier. Thus, I decline to grant the motion to reopen my ruling on the basis of Prince's "new evidence."

### III. Conclusion

For the reasons stated, I deny the motion for relief from judgment. Doc. No. 14. I note, however, that the dismissal of Prince's federal cause of action under section 1983 does not bar Prince from raising state law causes of action in state court.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of February 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge